IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LESLIE J. WOODS, <br><br>Petitioner, <br><br>vs. <br><br>UNITED STATES OF AMERICA, <br><br>Respondent. | ) <br> ) <br> ) <br> ) <br> ) Case No. 20-cv-154-SMY <br> ) <br> ) <br> ) <br> ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Petitioner Leslie J. Woods' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Woods asserts that his Hobbs Act robbery should be vacated under *United States v. Davis*, 139 S.Ct. 2319 (2019). For the following reasons, the Motion is **DENIED.**

## Factual and Procedural Background

Petitioner Leslie J. Woods and several other gang members robbed two convenience stores. Woods was 15 years old at the time. The first robbery occurred on June 17, 2010, when Woods drove three masked and armed gang members to the Best Stop convenience store in Cahokia, Illinois. Woods waited in the car while the other three entered and robbed the store of over $11,000. During this robbery, one customer was shot and another customer was grazed by a bullet. Three weeks later, on July 8, 2010, Woods, the same three gang members, and another accomplice robbed the Mini–Mart gas station in Cahokia, Illinois. Woods shot the clerk several times. The clerk survived but was permanently injured.

Because Woods was a juvenile at the time he committed the offenses, the United States filed a juvenile information against Woods, charging him with two counts of conspiracy to interfere with commerce by robbery, two counts of interference with commerce by robbery, and two counts of using and carrying a firearm during a crime of violence. See United States v. Woods, 827 F.3d 712, 714-15 (7th Cir. 2016). Contemporaneously, the Government moved to transfer the case for adult prosecution. *Id*. This Court held a hearing on the Government's motion and entered an order transferring Woods to adult prosecution. *Id.* Woods appealed the transfer decision, which was affirmed by the Seventh Circuit. *Id.*

On April 20, 2017, Woods pled guilty to all counts in the indictment – two counts of use of a firearm during and in relation to crime of violence, in violation of 18 U.S.C. § 924(c)(1), two counts of conspiracy to commit Hobbs Act robbery, and two counts of Hobbs Act robbery. *See United States v. Woods*, 15-300087, at Doc. 61. On July 31, 2017, Woods was sentenced to 360 months' imprisonment. *Id.,* at Doc. 79. He filed a direct appeal of his convictions and sentence, which the Seventh Circuit affirmed. *United States v. Woods*, No. 17-2720 (7th Cir. January 3, 2019).

### **Standard of Review**

An action brought under 28 U.S.C. § 2255 attempts to collaterally attack a sentence outside of the traditional avenue of appeal. As such, § 2255 relief "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States,* 723 F.3d 870, 878 (7th Cir. 2013). In other words, § 2255 cannot be employed as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009).

In considering a § 2255 motion, the district court is not required to hold an evidentiary hearing if "…the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."  *Cooper v. United States*, 378 F.3d 638, 641-642 (citing *United States v. Kovic*, 830 F. 2d 680 (7th Cir. 1987)).  Based on its review of the filings, the Court concludes that the issues presented can be decided on the existing record; an evidentiary hearing is not necessary.

## Discussion

Woods argues that his convictions and sentence for using and discharging a firearm during and in relation to a crime of violence should be vacated pursuant to the Supreme Court's decision in *United States v. Davis*, 2019, 139 S. Ct. 2319 (2019).  In *Davis*, the Supreme Court held that the residual clause of the definition of violent felony in § 924(c)(3)(B) was unconstitutionally vague.  *Davis*, 139 S. Ct. at 2324.  A crime may be considered a "crime a violence" only if it is brought under the elements clause.  *Id.* at 2353.

"Crime of violence" is defined in two subparts: the elements clause, § 924(c)(3)(A), and the residual clause, § 924(c)(3)(B).  Under the elements clause, "crime of violence" is an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3)(A).

Davis was convicted in Counts 3 and 5, the underlying offenses for the § 924(c) counts, of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a).  The Seventh Circuit has held that Hobbs Act robbery in violation of § 1951(a) qualifies as a "crime of violence" under § 924(c) because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *United States v. Rivera*, 847 F.3d 847, 848 (7th Cir. 2017); *see also United*

*States v. Brown*, 973 F.3d 667, 697 (7th Cir. 2020) (rejecting argument that Hobbs Act robbery is not a crime of violence). Therefore, Woods is not entitled to relief under *Davis*.

## Conclusion

For the foregoing reasons, Woods' Petition is **DENIED**; this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Woods must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Woods has not made a substantial showing that his sentence was unconstitutional. Nor has he demonstrated that reasonable jurists would disagree with the Court's analysis. Therefore, the Court declines to certify any issues for appeal.

**IT IS SO ORDERED.**

**DATED: March 10, 2023**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**